UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ILLINOIS FARMERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-01714-TWP-DML ) |
| ISAIAH STONE, BRENDA L. WHITE, Administratrix of the Estate of Clifton Shane Thompson, deceased, CHEYANNA BALL, LEANDRA M. PENN, and CYNTHIA MARSH, as Personal Representative of the Estate of Caroline Bateman, deceased, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY DENYING SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment (Filing No. 59) filed by Plaintiff Illinois Farmers Insurance Company ("Illinois Farmers"), seeking a declaration that it has no duty to defend or indemnify claims against Defendant, Isaiah Stone ("Stone"), made by various parties arising from a tragic fatal automobile accident that occurred on September 10, 2013. Defendants Brenda L. White, Cheyanna Ball, Leandra M. Penn, Cynthia Marsh (collectively "the Defendants") argue that the exclusionary provision that Illinois Farmers relies upon is not applicable considering the facts of this case, and therefore, summary judgment is not appropriate.

For the following reasons, the motion for summary judgment is denied.

**I. BACKGROUND**

As with any summary judgment motion, the following facts are reviewed in the light most favorable to the nonmoving party, and the Court draws all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Zerante v. DeLuca*, 555

F.3d 582, 584 (7th Cir. 2009).  The Court notes that many of the facts in this case are not contested.  However, where the facts are contested, the Court has so noted.

On September 10, 2013, Stone was driving a Saturn, owned by his girlfriend Caroline Bateman ("Bateman"), when he collided with another vehicle driven by LeAndra M. Penn ("Penn").  Clifton Shane Thompson ("Thompson"), Cheyanna Ball ("Ball"), and Bateman were passengers in the Saturn at the time of the accident.  Tragically, Bateman and Thompson were killed as a result of the collision, and Penn and Ball suffered serious injuries.

At the time of the accident, Stone and Bateman were living together in the home of Stone's mother, Michelle Stone, who was the owner a Chevrolet Malibu which was insured by Illinois Farmers.  Bateman owned the Saturn driven by Stone during the accident.  The Saturn was insured by Progressive Insurance ("Progressive").  Stone did not own a car but, instead, used both his mother's and girlfriend's cars.  The extent of Stone's use of Bateman's Saturn is at the heart of this contract dispute.

Illinois Farmers insured Michelle Stone's Malibu for the benefit of both her and her son, Stone.  That policy had a provision excluding coverage for the following,

> [b]odily injury or property damage arising out of the ownership, maintenance or use of any vehicle other than your insured car which is owned by or furnished or available for regular use by you or a family member.

(Filing No. 37 at 22).  The policy defined "family members" as a person related to you by blood, marriage or adoption who is a resident of your household.

Illinois Farmers contends that this provision excludes coverage for liabilities resulting from Stone's use of Bateman's Saturn.  In support, Illinois Farmers notes that the Saturn was available to Stone for his regular use, and he used the Saturn to go to work, run errands, and go to appointments.  (Filing No. 61-2 at 7.)  Stone also paid Progressive insurance premiums on the

2

Saturn, (Filing No. at 61-2 at 8), and paid for gas and maintenance on the Saturn. (Filing No. at 61-2 at 8.)

However, the Defendants note that Stone was not listed on the title of the Saturn and did not have his own key, so he would have to ask Bateman's permission before using the Saturn. (Filing No. at 61-2 at 7.) Stone used the Saturn only sporadically and not at all during the two months prior to the accident, (Filing No. 64-2 at 4; Filing No. 64-3 at 2; Filing No. 64-4 at 1). In addition, while Bateman owned the Saturn, her father paid the Progressive insurance premiums on it. Bateman held the Progressive policy in her name, and she also paid for gas and maintenance on the Saturn. (Filing No. 61-2 at 8.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court reviews the record in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255; *Zerante*, 555 F.3d at 584.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that, when the non-movant has the burden of proof on a substantive issue, specific forms of evidence are not required to negate a non-movant's claims in the movant's summary judgment motion, and that a court may, instead, grant such a motion, "so long as whatever is before the district court demonstrates that the standard . . . is satisfied."). *See also* Fed. R. Civ. P. 56(c)(1)(A) (noting

additional forms of evidence used in support or defense of a summary judgment motion, including: "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials").

Thereafter, a nonmoving party, who bears the burden of proof on a substantive issue, may not rest on its pleadings but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Celotex Corp.*, 477 U.S. at 323-24; Fed. R. Civ. P. 56(c)(1). Neither the mere existence of some alleged factual dispute between the parties nor the existence of some "metaphysical doubt" as to the material facts is sufficient to defeat a motion for summary judgment. *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997); *Anderson*, 477 U.S. at 247-48; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which [it] relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

Similarly, a court is not permitted to conduct a paper trial on the merits of a claim and may not use summary judgment as a vehicle for resolving factual disputes. *Ritchie v. Glidden Co., ICI Paints World-Grp.*, 242 F.3d 713, 723 (7th Cir. 2001); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Indeed, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("these are jobs for a factfinder"); *Hemsworth*, 476 F.3d at 490. Instead, when ruling on a summary judgment motion, a court's responsibility is to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Id*.

### III. DISCUSSION

The Court notes that the parties do not dispute the controlling provisions of the insurance contract, nor do they dispute the interpretation of those provisions. Instead, they dispute whether the Saturn that Stone was driving at the time of the accident was "furnished or available" to Stone for his "regular use". Additionally, there are some evidentiary disputes which the Court will address before proceeding to the merits of Illinois Farmers' motion for summary judgment.

A.   **Evidentiary Issues**

Illinois Farmers raises a number of evidentiary challenges. Although some of the facts relied upon by the Defendants are not admissible, the Defendants have still put forth sufficient facts to survive summary judgment.

1.   **Hearsay**

Illinois Farmers challenges affidavit testimony made by Cynthia Marsh ("Marsh"), the personal representative of Bateman's estate as inadmissible hearsay. Specifically, they challenge Marsh's statements that Bateman had previously told her that Bateman had been in arguments with Stone over the use of her Saturn, as inadmissible hearsay. Marsh responded, albeit in an unapproved surreply, that Bateman's statements reflect her then-existing mental, emotional, or physical condition and are admissible for that purpose under Fed. R. Evid. 803(3). The Court does not agree.

Even if the Court were to consider such statements a reflection of Bateman's state of mind, which it does not, the statements would still not be admissible as the statements impermissibly identify the reasons why Bateman was purportedly upset. *See United States v. Joe*, 8 F.3d 1488, 1493 (10th Cir. 1993) (holding that evidence that a wife said she was afraid of her husband was admissible under hearsay exception 803(3) but that the wife's reasons for her fear were not

admissible under the exception). Accordingly, the Court will not consider these statements when considering the summary judgment motion. *See Eisentstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial").

### 2. Unsupported Assertions

Illinois Farmers also challenges Marsh's statements that Bateman also paid the Progressive premiums, because Marsh did not offer proof that she had personal knowledge of that fact. The Court agrees. Marsh's statement does not explain how she has personal knowledge of this fact. She does not indicate whether she saw Bateman write the checks or had access to Bateman's bank account or insurance policy payment records. Because there is no evidence that Marsh has any personal knowledge, the Court will not consider these statements when considering the summary judgment motion. *See Packer v. Trs. of Ind. Univ. Sch. of Med.*, 800 F.3d 843, 850 (7th Cir. 2015) (noting that an affidavit submitted in opposition to a summary judgment motion must only contain testimony on matters within the affiant's personal knowledge).

### 3. Competing Admissions and Denials

Finally, Illinois Farmers suggests that the Court need not consider the issue of the exclusion provision at all, arguing that Stone's failure to answer the original complaint is the same as an admission on the issue. *See* Fed. R. Civ. P. 8(b)(6) ("[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied"); *Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) (noting that failure to deny an allegation constitutes an admission).

However, even if Stone's failure to answer constitutes an admission by failing to deny, that does not bind the remaining Defendants in the declaratory action. *See Am. Std. Ins. Co. of Wis. v. Rogers*, 123 F. Supp. 2d 461, 466 (S.D. Ind. 2000) ("[i]n a declaratory judgment case of this kind,

we would normally take the plaintiff-insurer's motion to enter default judgment against the defendant insured under advisement and allow the co-defendant-injured party to defend the action against the insurer on the merits").

In addition, Marsh affirmatively denied the issues in the Amended Complaint in her answer, in regards to the disputed insurance provision that Stone failed to deny by not responding to the original complaint.  (*See* Filing No. 37 at 3; Filing No. 64-1 at 2.)  As such, there are competing admissions and denials which create factual issues.  Accordingly, the Court does not consider Stone's admission by silence sufficient, by itself, to warrant summary judgment on Illinois Farmers' claim for declaratory relief.

**B.      "Furnished or available for regular use"**

The Indiana Court of Appeals recently dealt with a nearly identical exclusionary provision in an automobile insurance contract, defining all three terms that are at issue in this action. *See Estate of Kinser v. Ind. Ins. Co.* ("*Kinser*"), 950 N.E.2d 23 (Ind. Ct. App. 2011).  In *Kinser*, the court noted that the purpose of exclusionary provisions is to "prevent the insured from purchasing an insurance contract to cover the risk of operating one vehicle, and obtaining coverage on another vehicle that is regularly used in the household". *Id*. at 27.  With that purpose firmly in mind, the Court set out to define "furnished", "available", and "regular use"; terms that were, as here, not defined within the insurance contract.

> The *Kinser* court settled on the following definition of "furnished". "Furnish" means one is given keys to access and permission to use a given vehicle for a purpose as general or specific as both the furnisher and recipient mutually understand.

*Id*. at 28.  Importantly, the Court noted that "the concept of mutual understanding is helpful in determining whether a vehicle was furnished to another only to the extent that it focuses factfinders on the primary concern here – the nature and extent of permission for using the vehicle. *Id*.  In

7

particular, the Court focused its inquiry on whether the driver of the vehicle "actually felt he needed permission" or if the requested permission was "merely pro forma". *Id*. at 29. Underlying its conclusion, the Court added,

> [t]o the extent [the driver] felt the need to or actually did need to ask for permission to use the [car] for a purpose other than driving the couple to work, a finding that it was not "furnished" or "available" to him and the resulting refusal to apply the exclusion would not interfere with the purpose of the exclusion. This is so because [the driver] would not have been attempting to surreptitiously obtain insurance for driving the [car] without purchasing insurance for the same because he felt he needed to obtain permission to drive the [car] in the first place.

*Id*. at 29-30.

> Additionally, the *Kinser* court settled on the following definition of "available". The dictionary defines available as 1. suitable or ready for use; . . . at hand . . . 2. Readily obtainable; accessible . . .

*Id*. at 29 (internal citations omitted) (citing The Random House Dictionary of the English Language, The Unabridged Edition, 102 (1967)). The Court focused its inquiry on whether the driver had a key to the vehicle and whether possession of the key was intended for purposes beyond emergency "lock-out[s]". *Id*.

> Finally, the *Kinser* court settled on the following definition of "regular use".
>
> Regular use analysis is fact intensive. Factors to be employed in the determination include time, place, purpose of use, and availability, as well as any restrictions placed upon the insured's use of the vehicle.

*Id*. at 30 (internal citations omitted). In *Kinser*, the court concluded that competing factual issues regarding these factors necessarily precluded summary judgment. *Id*.

Applying these same definitions, the Court finds that the factual issues in this case preclude summary judgment. The parties do not dispute that Stone felt compelled to ask permission before using the Saturn. (Filing No. 61-2 at 7.) However, Illinois Farmers contends that the permission was merely pro forma, citing the following testimony:

> Out of respect, I would [ask permission to use the Saturn], but she would have known more or less, and I would obviously have to go. She wouldn't mind if I used her car for anything.

(Filing No. 61-2 at 7). However, Illinois Farmers neglects the testimony immediately following that statement, which reads:

> You know, I could've not asked her *and maybe got in an argument*. That would be the worst. It wasn't deep. You know, it's more of a respect issue is why I would ask.

*Id*. (emphasis added). If Stone really had permission to use the Saturn, *carte blanche*, as Illinois Farmers suggests, Stone's belief that he risked an argument if he failed to ask permission before using the Saturn suggests that a reasonable jury could find that Bateman did not "furnish" the Saturn for Stone's regular use.

Additionally, the parties do not dispute that Stone did not have a key to the Saturn – even for lock-out purposes; a fact that, based on *Kinser*, suggests that the Saturn was not "available" to Stone for his regular use. *Compare Kinser*, 950 N.E.2d at 29.

Finally, as was the case in *Kinser*, any restrictions on Stone's use of the Saturn are unclear from the designated evidence, creating a factual issue regarding "regular use". Illinois Farmers notes that Stone used the Saturn to go to work, run errands, and go to appointments; that he paid Progressive insurance premiums on the Saturn; and paid for gas and maintenance on the Saturn. However, the Defendants note that Stone was not listed on the title of the Saturn; he used the car only sporadically and not at all during the two months prior to the accident; that Bateman's father also paid Progressive insurance premiums on the Saturn which was held solely in Bateman's name; and Bateman also paid for gas and maintenance on the Saturn. These competing factors address the issues of "time, place, purpose of use, and availability, as well as any restrictions placed upon

9

the insured's use of the vehicle" and preclude summary judgment on the issue of "regular use". *See Kinser*, 950 N.E.2d at 30.

Accordingly, because factual issues remain regarding whether the Saturn was "furnished or available for regular use", summary judgment is not appropriate with respect to Illinois Farmers' declaratory relief action.

## IV.  CONCLUSION

For the reasons stated above, Illinois Farmers' Motion for Summary Judgment (Filing No. 59), is **DENIED**.

**SO ORDERED.**

Date: 5/23/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Thomas E. Hamer
tom@tomhamerlaw.com

John E. Eisele
JOHN E. EISELE, ATTORNEY AT LAW
jeiselelaw@att.net

Laura Sue Reed
RILEY BENNETT & EGLOFF LLP
lreed@rbelaw.com

Theodore F. Smith, Jr
THEODORE F. SMITH JR. PC
tsmith@tedsmithlaw.com

Isaiah Stone
9558 Lantern Lane
Pendleton, Indiana  46064

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com